IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD GREEN SR., et al.,       )
                                )
            Plaintiffs,         )
                                )
     v.                         )    No. 10 C 4562
                                )
SCURTO CEMENT CONST. LTD.,      )
et al.,                         )
                                )
            Defendants.         )

MEMORANDUM ORDER

Both Ronald Green ("Ronald") and Donald Green ("Donald") have employed the form Complaint of Employment Discrimination, which is provided by this District Court's Clerk's Office for use by pro se plaintiffs, to bring this action against Scurto Cement Construction, Ltd. ("Scurto")[1] and Operative Plasterers' & Cement Masons' International Association Local 11 ("Union"), charging each defendant with race discrimination in violation of both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 ("Section 1981"). They have accompanied the Complaint and its exhibits with Clerk's-Office-provided forms of an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum order is issued sua sponte to identify some threshold problems posed by those

---

[1] What the text reflects may or may not be Scurto's actual name. Two different names appear in the Complaint and its exhibits: one in the case caption (echoed in the caption to this memorandum order) and a slightly different one (Inc. instead of Ltd.) in Ronald's EEOC Charge attached to the Complaint.

filings.

To begin with, Ronald and Donald appear to have separate claims that do not qualify for their joinder in the same lawsuit under Fed. R. Civ. P. ("Rule") 20(a)(1). Although their claims may have some common elements, it is questionable whether they "aris[e] out of the same transaction, occurrence or series of transactions or occurrences."

Next, there is a question of timeliness as to certain of the claims. Although Complaint ¶8 says that an EEOC right-to-sue letter was received on May 1, 2010,[2] all of the EEOC right-to-sue letters attached as exhibits are dated April 1, 2010, so that Donald's Title VII claim against Union (he apparently filed no charge against Scurto) looks to be time-barred unless Donald can come up with some explanation. As for Ronald, who filed EEOC charges against both defendants, he has the same timeliness problem as to Union--but as to his charge against Scurto, another attached exhibit is a July 8, 2010 letter from EEOC that refers to a clerical error in having sent the right-to-sue notice to the wrong address, so that claim appears to be timely.

Lastly,[3] there is a comparable question to the joinder of

---

[2] In that respect the printed form Complaint speaks of when the right-to-sue letter "was received by the plaintiff" in the singular, so that the present joint filing of the Complaint serves as a source of confusion.

[3] This use of "lastly" should not be misunderstood. Defendants may assert other problems with this lawsuit, but the

2

Ronald and Donald in their linking Scurto and Union as codefendants. Again some further explanation is needed, this time in terms of Rule 20(a)(2). If however both claims against Union were to be dismissed as untimely, that question of linkage would be eliminated.

Accordingly, even though both plaintiffs' Applications appear to reflect their financial inability to proceed, this Court is not in a position to rule on the Applications (or on the accompanying Motions) until matters raised here have been clarified. In the absence of this Court's receipt of some clarifying filing on or before August 16, 2010, the Complaint will be dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 26, 2010

---

matters covered here are simply those this Court's initial scrutiny has revealed.