IN THE UNITED STATES DISTRICT COURT
		FOR THE NORTHERN DISTRICT OF ILLINOIS
				EASTERN DIVISION

RONALD GREEN SR., et al.,    )
                             )
          Plaintiffs,        )
                             )
     v.                      )     No.  10 C 4562
                             )
SCURTO CEMENT CONST. LTD.,   )
et al.,                      )
                             )
          Defendants.        )

MEMORANDUM ORDER

This Court's July 26, 2010 memorandum order ("Order") directed pro se plaintiffs Ronald Green and Donald Green ("Donald")(collectively "Greens") to respond to several questions raised by their joint Complaint of Employment Discrimination, brought against Scurto Cement Construction, Ltd. ("Scurto") and Operative Plasterers and Cement Masons International Association Local 11 ("Union"), charging each defendant with race discrimination in violation of both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 ("Section 1981").  Greens have filed a joint "Response to the Court's Order of 7/26/2010," but it regrettably does not answer all of the questions satisfactorily.

To begin with, the October 2, 2008 Charge of Discrimination filed by Donald, who has targeted only Union in Title VII terms, listed his address as 2820 Clearview Drive, Joliet IL.  Understandably EEOC sent its April 1, 2010 right-to-sue letter to the selfsame address.  Donald's current response seeks to explain

that his Title VII claim against Union is timely in this fashion:

> Donald Green has changed his address with the EEOC as his home was in foreclosure and all documents were to be sent to R. Green's address. The EEOC issued the RTS letter on 4/29/2010 and received it on 5/1/2010.

But the problem with that explanation is that EEOC's follow-up letter of April 29, which was accompanied by another copy of the April 1 EEOC letter, was also sent to that 2820 Clearview Drive, Joliet address. That does not jibe with Donald's current representation about a change-of-address instruction, and it certainly does not explain why the April 29 transmittal reached Donald but the original April 1 transmittal did not. Hence the caselaw calls for treatment of the April 1 letter as starting the statutory 90-day clock, and Donald's asserted Title VII claim against Union may not proceed because of limitations problems.

As for the rest of the claims sought to be advanced by the joint Complaint, the Response not only leaves some questions raised by the Order unanswered, but it appears to raise some additional questions as well. Instead of this Court's making any further attempts to sort matters out with the nonlawyer Greens, it has decided on an alternative procedure that takes advantage of the trial bar pool to see whether the appointment of counsel to assist them may be useful.

Greens have attached In Forma Pauperis Applications ("Applications"), as well as a filled-out Motion for Appointment of Counsel ("Motion"), to the Complaint. Although the

Applications adequately reflect both Greens' inability to pay the filing fee or to retain counsel on their own, this Court will not now grant the Applications, because it is not entirely clear that the claims sought to be advanced in the Complaint are nonfrivolous in the legal sense.

But the joint Motion amply sets out Greens' numerous efforts to obtain legal representation that were unsuccessful because of "lack of finance."  This Court has accordingly obtained the name of this member of the trial bar:

>Joshua N. Karmel, Esq.
>211 West Wacker Drive - Suite 500
>Chicago IL 60606
>(312) 263-0705

who is appointed to represent both Greens as a threshold matter.

This action is set for an initial status hearing date at 9 a.m. August 27, 2010, at which time both Greens and their appointed counsel are expected to appear, with the latter being responsible for providing a statement as to the arguable viability (or perhaps nonviability) of the several claims advanced by Greens (including an evaluation of whether any claims deemed viable may or may not be asserted in this single action).[1]

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 12, 2010

---

[1] It would of course be preferable if appointed counsel were able to present a written memorandum on those subjects at least one or two days in advance of the hearing date.  If that is not feasible, an oral report will suffice.