IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD GREEN SR., et al.,         )
                                  )
            Plaintiffs,           )
                                  )
    v.                            )    No.  10 C 4562
                                  )
SCURTO CEMENT CONST. LTD.,        )
et al.,                           )
                                  )
            Defendants.           )

MEMORANDUM

When Union Local 11, Area 161 ("Union") filed its February 11, 2011 motion for the with-prejudice dismissal of this action brought against it and Scurto Cement Construction Ltd. ("Scurto") by Ronald Green, Sr. and Donald Green, Sr. (collectively "Greens"), this Court eschewed its normal practice of ordering a response because the parties represented that they were going to seek settlement. That representation caused this Court to refer the case to Magistrate Judge Susan Cox to assist in those settlement efforts, and she has set the matter for as early a date as is feasible in terms of her schedule and that of the litigants--a date in mid-August.

This Court sees no difficulty, of course, with that reasonable timing of the settlement conference as such--but in terms of this Court's consistent handling of motions shown as pending on its calendar, it poses a special problem. Because of the motion's early filing date, any failure on the part of this Court to have resolved it before September 30, 2011 would make it

a reportable event on the part of this Court.[1]  This Court has never, during the past three decades and more, had to report that a motion has been pending for the period prescribed by the Biden Bill or, before that, by the Administrative Office.

That unbroken record reflects this Court's view of the case management responsibility that any federal judge owes to the parties in cases on his or her calendar, and as such the maintenance of that record is a matter of some pride as well. This Court does not propose to break that string now, and that would be the inevitable result if settlement discussions were to prove unsuccessful, so that a responsive memorandum by Greens' counsel had to be ordered in mid to late August.

Two alternatives appear available.  One is to require Greens to respond to the pending motion with reasonable promptness, so that this Court can deal with it on the merits.  And the other is for Union to withdraw its motion for the present--without prejudice, of course.  In the latter respect, this Court has always been critical of any judge's strong-arming the withdrawal

---

[1] Under the formulation established by what was known as the "Biden Bill," which commendably converted the reportability of pending matters on a judge's calendar to a requirement of public disclosure, any motion on which the initial submission has been made more than 30 days before March 31 or September 30, respectively, becomes reportable if not resolved by the ensuing September 30 or March 31.  That system has an obvious flaw as a measure intended to identify any judicial slothfulness in the handling of contested matters:  It essentially penalizes the judge for any lawyer-created delays that reduce the time actually available for decisionmaking.

of a pending motion shortly before the March 31 or September 30 reporting date, so as to give the judge's Biden Bill report a better look--that strikes this Court as an impermissible type of game playing. This however, is a totally different situation. This Court looks forward to a swift response from the litigants as between those suggested alternatives (or as to any other reasonable way to address the matter).

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date:  May 26, 2011