IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD GREEN SR., et al.,           )
                                     )
          Plaintiffs,                )
                                     )
     v.                              )    No. 10 C 4562
                                     )
SCURTO CEMENT CONSTRUCTION,          )
LTD., et al.,                        )
                                     )
          Defendants.                )

<u>MEMORANDUM ORDER</u>

Operative Plasterers' and Cement Masons', Local 11, Area 161 ("Local 11") has filed its Answer, supplemented by three affirmative defenses ("ADs"), to the Amended Complaint that has been limited in scope based on this Court's earlier rulings. For the most part the Answer carries out the notice pleading responsibilities that are incumbent on defendants as well as plaintiffs more thoroughly than is normally the case, and so this brief memorandum order addresses only the few problematic aspects noted by this Court.

First, Answer ¶¶13, 18 and 19 follow appropriate Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers of the corresponding allegations of the Amended Complaint by adding the phrase "and therefore denies them." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those

paragraphs of the Answer.

As for the ADs, AD 3 sets out the equivalent of a Rule 12(b)(6) motion, but that is at odds with the requirement that such motions must accept the allegations of a complaint as gospel. In this instance plaintiffs Ronald and Donald Green ("Greens") may have failed to state a claim if Local 11's different version of the facts turns out to be correct, but that is not true when the facts are viewed in accordance with Greens' scenario.

What has been said here has not sought to be exhaustive. If Greens' counsel were to consider other aspects of the responsive pleading to be wanting, they are free to raise any such matters by appropriate motion.

_____
    Milton I. Shadur
    Senior United States District Judge

Date:  November 14, 2011